## T. O. BROWN v. J. S. SPHARR.

(No. 6781.)

APPEAL from Dallas County.    Opinion by WILLSON, J.

H. I. PHILLIPS, counsel for appellant.

No counsel appeared for appellee.

§ 132. *Certiorari; motion to dismiss must be made at return term.* Appellee recovered a judgment against appellant in justice's court, and appellant removed the cause by *certiorari* to the county court. At the return term of the *certiorari*, appellee moved to dismiss the same, which motion the court dismissed. At the next term of said court appellee renewed his motion to dis-

miss, and appellant objected to said motion being entertained, because not filed and presented at the return term. The court, however, entertained and sustained the motion to dismiss, and from the judgment dismissing the *certiorari* this appeal is prosecuted. The record does not disclose the reason for the dismissal of appellee's first motion to dismiss, which was filed at the return term; nor does it show whether said motion was dismissed at the instance of either party to the suit, or of the court's own motion. In the judgment dismissing said motion it is stated that the dismissal is "without prejudice." What is meant by the statement, and why the motion was dismissed, we are unable to conjecture, and the record does not enlighten us. As the matter presents itself to us, appellant's *certiorari* has been dismissed upon motion of appellee made too late — made after the return term of the *certiorari;* and, such being the case, we must hold that the court erred in entertaining said motion and in dismissing the *certiorari.* [3 Civil Cas. Ct. App., §§ 196, 265.] Said judgment dismissing the *certiorari* is therefore reversed, and the cause is remanded for trial *de novo* in the county court.

June 7, 1890.          Reversed and remanded.